FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAY 2 3 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
CHARMAINE BROWN,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-cv-3443 (SLT)

**TOWNES, United States District Judge:**

    Petitioner Charmaine Brown, *pro se*, moves for a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a) seeking vacatur of the judgment of conviction entered on May 12, 2011, on the grounds that she was denied effective assistance of counsel in connection with a guilty plea because her attorney failed to advise her of the immigration consequences of pleading guilty to importation of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). For the following reasons, the petition is DENIED.

    Brown signed a plea agreement, dated December 4, 2010, agreeing to plead guilty to a lesser included offense of importation of cocaine in violation of 21 U.S.C. § 952(a). The agreement that she signed provided that "the defendant understands that she may be subject to removal.... Nevertheless, the defendant affirms that she wants to plead guilty and to waive her right to appeal ..., even if the consequence is the defendant's automatic removal from the United States." (Plea Agreement ¶ 4.) It also provides that:

> The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to Importation of Cocaine, in violation of 21 U.S.C. § 952(a), removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the

> District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

(Plea Agreement ¶ 6.)

On December 6, 2010, before the Honorable Magistrate Judge Lois Bloom, Brown pleaded guilty to one count of importation of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). (Plea Tr. at 18:21-24.) Brown confirmed, on the record, that she understood the consequences of pleading guilty, including that "as a consequence of [her] plea, it is likely that [she] will be deported and [she] will not be allowed to re-enter this country." (*Id.* at 14:21-25.)

In anticipation of sentencing, Brown's attorney submitted a letter advocating for a sentence below the advisory Sentencing Guidelines because Brown "will be deported at the end of her sentence, which will be an extreme hardship for her." (April 13, 2011 Letter re: Sentencing at 2.) Her attorney argued that a long sentence would not be appropriate because the public would already be protected from future crimes by her deportation. (*Id.* at 3.) At the sentencing hearing held on May 12, 2011, Brown's attorney again advocated for leniency "given the fact that [Brown] will be deported, will have to begin a brand new life in Jamaica, a country that she's visited from time to time but has not lived [in] since she was a small child...." (Sentencing Tr. at 5:1-9).

Despite repeatedly being warned of the immigration implications of her plea, Brown pleaded guilty. Nevertheless, in her petition for a writ of error *coram nobis*, Brown implies that she was unaware of the immigration consequences of her plea until she received a "Detainer Action Letter" on June 7, 2011 from the Office of Homeland Security Bureau of Immigration
2

and Customs Enforcement notifying her that she would be detained at the completion of her sentence pending deportation. Citing *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010), she contends that her counsel was constitutionally ineffective for failing to notify her of the immigration consequences of pleading guilty.

Where "extraordinary circumstances" are present, federal courts are authorized to grant the ancient common law writ of error *coram nobis* under the terms of the All Writs Act, 28 U.S.C. § 1651(a). *United States v. Morgan*, 346 U.S. 502 (1954). *Coram nobis* is "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998) (*per curiam*). To obtain relief, a petitioner "must demonstrate that (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996) (internal citations and quotation omitted). When reviewing a petition for a writ of error *coram nobis*, district courts should presume that the proceedings were correct. *Morgan*, 346 U.S. at 512. The "burden rests upon the [petitioner] to show otherwise." *Id.*

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms," which caused prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88, 693-94 (1984). With regard to prejudice, the petitioner must show a reasonable likelihood that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. For example, in *United States v. Pope*, the court granted an application for

3

a writ of error *coram nobis* and vacated a petitioner's conviction on the grounds of ineffective assistance of counsel because the petitioner's attorney advised her during plea negotiations, and admitted to the court that he still (mistakenly) believed, that petitioner could not be deported if she pleaded guilty to mail fraud. 03 CR 492 RTD, 2013 WL 1563038, at *1-2 (E.D.N.Y. Apr. 12, 2013).

Vacatur of Brown's conviction is denied because she has not demonstrated that vacatur is required to achieve justice. Brown was aware of the immigration implications of pleading guilty before she did so. Unlike the petitioner in *Pope*, who "had no reason to believe that [she could be deported] until ... removal proceedings were commenced against her on the basis of the 2004 conviction," *id.* at *3 n.3, evidence in the record establishes that Brown knew *before she pleaded guilty* that she could be deported as a result of the conviction. Not only did it say so in the plea agreement, the Magistrate Judge warned Brown that she would face deportation as a result of pleading guilty, and she affirmed, on the record, that she understood these consequences. She nevertheless pleaded guilty. Indeed, her attorney relied on the fact that Brown would be deported in advocating for leniency in sentencing, both in written submissions to the Court and at the sentencing hearing. Brown has not established that she was unaware, at the time she pleaded guilty, of the consequences that her plea would have on her immigration status. Accordingly, her application for a writ of error *coram nobis* is denied.

## CONCLUSION

For the reasons set forth above, Petitioner's motion for a writ of error *corum nobis* is DENIED. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253 because the petitioner has failed to make a substantial showing of the denial of a constitutional right. The Clerk of the Court is directed to enter judgment denying the petition and closing this case.

**SO ORDERED.**

/s/(SLT)
SANDRA L. TOWNES
United States District Judge

Dated: May 21, 2014
Brooklyn, New York